IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

ALBERT WILLIAM LACY,

        Plaintiff

v.                                          Case No. 2:13-cv-18215

GEORGE CASTELLE, BARBARA A. BROWN,
JUSTIN COLLIN, and UNKNOWN PUBLIC DEFENDER,
Kanawha County Public Defender's Office,

        Defendant.

## PROPOSED FINDINGS AND RECOMMENDATION

On July 10, 2013, the plaintiff, who is proceeding *pro se*, filed the instant Complaint (ECF No. 1.) and an Application to Proceed Without Prepayment of Fees and Costs (ECF No. 2.)  This matter is assigned to the Honorable Thomas E. Johnston, United States District Judge and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

## STANDARD OF REVIEW

Pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B), the court is obliged to screen each case in which a plaintiff seeks to proceed *in forma pauperis*, and must dismiss the case if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).  This screening is done prior to consideration of an Application to Proceed without Prepayment of Fees and Costs, and notwithstanding

the payment of any filing fee.  A "frivolous" case has been defined as one which is based on an indisputably meritless legal theory.  *Denton v. Hernandez*, 504 U.S. 25 (1992).  A "frivolous" claim lacks "an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Pro se complaints are held to less stringent standards than those drafted by attorneys, and the court is obliged to construe liberally such complaints.  However, in *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007), the Supreme Court observed that a case should be dismissed for failure to state a claim upon which relief can be granted if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face."  While the complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action."  *Id.* at 555.

The Supreme Court elaborated on its holding in *Twombly* in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), a civil rights case.  The Court wrote:

> Two working principles underlie our decision in *Twombly*.  First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. [*Twombly*, 550 U.S.] at 555, 127 S. Ct. 1955 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted).  Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.  Second, only a complaint that states a plausible claim for relief survives a motion to dismiss.  *Id.*, at 556.
>
> * * *
>
> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.

> While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

129 S. Ct. at 1949-50.

## ANALYSIS

The Complaint alleges that, on October 22, 2012, the plaintiff was arrested on three counts of first degree sexual assault, as alleged in a criminal complaint.  The Kanawha County Public Defender's Office was assigned to represent the plaintiff.  After several continuances, during which time the plaintiff was detained at the South Central Regional Jail, a preliminary hearing was held on November 19, 2012.  The plaintiff alleges that his initial counsel, Assistant Kanawha County Public Defender Justin Collin, conceded the preliminary hearing.  As a result, the plaintiff was bound over to the Kanawha County grand jury, who returned a six-count indictment, charging the plaintiff with three counts of first degree sexual assault, in violation of W. Va. Code § 61-8B-3, and three separate counts of sexual abuse by a parent, custodian, or person in a position of trust, in violation of W. Va. Code § 61-8D-5.  (ECF No. 1, Ex. 2.)

The plaintiff's Complaint further alleges that Deputy Public Defender Barbara A. Brown, and another unnamed assistant public defender, took over his case after his arraignment.  The plaintiff alleges that, at their initial meeting, Ms. Brown informed him that, in situations where a defendant is accused of sexual assault or abuse of a minor, it is a regular practice of the Kanawha County Prosecutor's Office to seek charges for both first degree sexual assault and sexual abuse by a parent, guardian or person of trust.  (ECF No. 1 at 10.)

The plaintiff further alleges that he was denied access to the medical records of Dr. Jean Phillips, a doctor who examined the alleged victim, and the forensic evaluation of a social worker, until the date of his guilty plea on March 6, 2013, despite requesting that information prior to his preliminary hearing.  (*Id.*)  The plaintiff further alleges that he was ultimately coerced into pleading guilty to a battery with no sexual involvement, despite being innocent of the charges against him.  (*Id.* at 11.)

The plaintiff's Complaint alleges that the defendants have conspired with the Kanawha County Prosecuting Attorney's Office to violate the plaintiff's rights, privileges and immunities under the Constitution and laws of the United States, and that this conspiracy was motivated by a discriminatory animus designed to deprive indigent sex offenders in Kanawha County of their constitutional rights.  The plaintiff alleges that he suffered injury in the loss of his job as a contract worker at UPS, and the deprivation of his rights to employment, housing and privileges as a United States citizen.  (*Id.*)

The plaintiff alleges that defendant George Castelle, the Chief Public Defender, and his staff have conceded the unconstitutional practice of allowing indigent sexual offenders to be indicted on the separate offenses of sexual assault in the first degree and sexual abuse by a parent, guardian or person in a position of trust.  (*Id.*)  The plaintiff further alleges that defendant Collin failed to investigate, meet with the plaintiff, or call witnesses on the plaintiff's behalf.  (*Id.*)  The plaintiff further alleges that the trial court's inquiry, during a bond hearing, as to whether the defendant and the prosecution had come to an agreement to resolve the matter demonstrates that Mr. Collin was part of the conspiracy, because the plaintiff had already filed a habeas corpus petition in the Supreme Court concerning Mr. Collin's representation.  The plaintiff further alleges that Mr. Collin violated the attorney-client privilege.  (*Id.* at 11-12.)  The plaintiff further

4

alleges that Ms. Brown and the other unknown public defender tried to get him to plead guilty to a charge of which they knew he was innocent, and ultimately coerced him into pleading guilty to a battery with no sexual involvement. (*Id.* at 12.) The plaintiff seeks monetary damages.

Generally, a public defender or other court-appointed attorney in a state criminal prosecution is not considered to be acting "under color of state law" and, thus, is not amenable to suit under 42 U.S.C. § 1983. *See Polk County v. Dodson*, 454 U.S. 312 (1981); *Hall v. Quillen*, 631 F.2d 1154 (4th Cir. 1980). However, in *Dennis v. Sparks*, 449 U.S. 24, 27-28 (1980), the Supreme Court held that, an otherwise private person acts "under color of state law" when engaged in a conspiracy with state officials to deprive another of federal rights. In *Tower v. Glover*, 467 U.S. 914, 916 (1984), the Court extended the holding in *Sparks* to the circumstances of a public defender's representation of a criminal defendant, and held that "public defenders are not immune from liability in actions brought by a criminal defendant against state public defenders who are alleged to have conspired with state officials to deprive a § 1983 plaintiff of federal constitutional rights."

Although the plaintiff herein has alleged that the public defenders who represented him engaged in a conspiracy with the prosecution to deprive him of his federal constitutional rights, the plaintiff has stated no more than conclusory allegations that cannot withstand scrutiny under *Twombly* and *Iqbal*, *supra*. At most, the plaintiff alleges that the defendants allowed him to be charged with both first degree sexual assault and sexual abuse by a parent, guardian or person in a position of trust, crimes which the SCAWV has held are separate and distinguishable offenses that do not

implicate double jeopardy, *see State v. Gill*, 416 S.E.2d 253 (W. Va. 1992), and advised him to plead guilty to a much lesser offense of a non-sexual battery.

Furthermore, the plaintiff's claims concerning his conviction must first be addressed through a petition for a writ of habeas corpus. The plaintiff's claims are more appropriately addressed, if at all, as claims of ineffective assistance of counsel, which must be properly exhausted through the state post-conviction habeas corpus procedures before they may be brought in this federal court. The petitioner is not entitled to pursue a claim for damages against the defendants unless and until his conviction has been reversed or otherwise called into question. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

For these reasons, the undersigned proposes that the presiding District Judge **FIND** that the plaintiff's Complaint fails to state a claim upon which relief can be granted. It is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** the plaintiff's Complaint (ECF No. 1.), pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B), and **DENY** the plaintiff's Application to Proceed without Prepayment of Fees and Costs (ECF No. 2.), with a waiver of the applicable filing fee.

The plaintiff is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the plaintiff shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such

objection.  Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.  *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).  Copies of such objections shall be provided to Judge Johnston.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to the plaintiff and to transmit a copy to counsel of record.

September 19, 2013

Dwane L. Tinsley
United States Magistrate Judge