IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

ALBERT WILLIAM LACY,

          Plaintiff,

v.                                  CIVIL ACTION NO.  2:13-cv-18215

GEORGE CASTELLE, et al.,

          Defendants.

**MEMORANDUM OPINION AND ORDER**

      Plaintiff Albert William Lacy brings this pro se action under 42 U.S.C. §§ 1983 and 1985. Plaintiff pled guilty to battery in Kanawha County Circuit Court on or after March 8, 2013. Before the Court are his pro se Complaint [ECF No. 1], which alleges a conspiracy between the Kanawha County Prosecutor's Office and four of Plaintiff's public defenders to coerce him into pleading guilty, and an application to proceed *in forma pauperis* [ECF No. 2]. Plaintiff filed his Complaint on July 10, 2013. On July 11, 2013, this case was referred to Magistrate Judge Dwane L. Tinsley for Findings of Fact and Recommendations for a disposition ("PF&R"). On September 19, 2013, Magistrate Judge Tinsley issued a PF&R [ECF No. 8] recommending that this Court (1) dismiss Plaintiff's Complaint pursuant to § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted and (2) deny Plaintiff's application to proceed *in forma pauperis*. On October 18, 2013, this Court granted Plaintiff's motion to extend the time for filing objections. Plaintiff timely filed an objection to the PF&R [ECF No. 11] on November 18, 2013.

For the reasons that follow, the Court **OVERRULES** Plaintiff's objections, **ADOPTS** the PF&R to the extent it is consistent with this Opinion, **DENIES** Plaintiff's application to proceed *in forma pauperis*, with a waiver of the applicable filing fee, and **DISMISSES WITHOUT PREJUDICE** Plaintiff's Complaint.

## I.   BACKGROUND

The following facts are drawn from Plaintiff's Complaint as well as various state court filings attached as exhibits thereto. Plaintiff was arrested on October 20, 2012, pursuant to a criminal complaint alleging three counts of first degree sexual assault. (ECF No. 1-2, Ex. 1 at 1.)[1] That same day Plaintiff appeared before a magistrate, who set bail at $50,000 cash. (ECF No. 1-2, Ex. 1 at 7.) A preliminary hearing was held on November 19, 2012. (ECF No. 1 at 9.) In January 2013, a grand jury returned an indictment for three counts of first degree sexual assault, in violation of West Virginia Code § 61-8B-3, and three counts of sexual abuse by a parent, custodian, or person in a position of trust, in violation of West Virginia Code § 61-8D-5.[2] (ECF No. 1-3, Ex. 2.) On March 5, 2013, the State disclosed certain inconsistencies in the victim's statements regarding the events in question. (ECF No. 1-5, Ex. 4.) On or after March 8, 2013, Plaintiff accepted a plea deal, pursuant to which he pled guilty to a charge of battery with no sexual

---

[1] Plaintiff asserts that he was arrested on October 22, 2012. (ECF No. 1 at 9.) However, it appears from the executed arrest warrant and record of his initial appearance which Plaintiff attached to his Complaint that Plaintiff was arrested on October 20, 2012. (ECF No. 1-2, Ex. 1 at 4.) As Plaintiff has compiled several state court filings as a single exhibit, the Court utilizes the pagination set forth in the ECF header to identify these documents.

[2] The first offense carries a minimum sentence of fifteen years and a maximum of thirty-five, while the second carries a minimum sentence of ten years and a maximum of twenty.

involvement. (ECF No. 1 at 12.) Though Plaintiff's resulting sentence is not apparent, it appears that as of July 10, 2013, the date he filed the Complaint, Plaintiff was not incarcerated.[3]

Plaintiff alleges a conspiracy against him and others similarly situated, motivated by animus against indigent sex offender defendants as a class, perpetuated by the Kanawha County Prosecuting Attorney's Office and the Kanawha County Public Defender, in violation of 42 U.S.C. §§ 1983 and 1985(3). Plaintiff seeks monetary damages. The defendants are four employees of the Kanawha County Public Defender's Office.

Plaintiff alleges that Defendant George Castelle, the Chief Public Defender, has presided over a longstanding practice by his office of allowing prosecutors to indict indigent sex offenders for two distinct and separate sex offenses, while the criminal complaint only charges one. (ECF No. 1 at 11.) Plaintiff points to the fact that his criminal complaint, which was used to obtain an arrest warrant against him, only charged sexual assault, whereas the State indictment charged Plaintiff with both the underlying sexual assault as well as sexual assault by a person in a position of trust, a separate statutory offense under West Virginia law. (ECF No. 1 at 9, 11). Apparently on basis of that disparity, Plaintiff characterizes the second offense as uncharged. (ECF No. 1 at 11.) Plaintiff admits, however, that sexual assault committed by a person in a position of trust is statutorily defined as "a separate and distinct offense." (ECF No. 1 at 9–11.)

---

[3] The Magistrate Judge appears to have assumed that Plaintiff was incarcerated, noting as an alternative basis for dismissal of Plaintiff's claims that such claims must first be exhausted by means of a collateral attack. (ECF No. 8 at 6.) A state habeas petitioner seeking relief in federal court must meet the jurisdictional "in custody" requirement. 28 U.S.C. § 2254. Plaintiff is clearly no longer incarcerated—he lists a residential address on his Complaint and, in response to the question "Are you incarcerated?" on the application to proceed *in forma pauperis*, answers "No." (ECF No. 2.) As such, the availability of habeas corpus relief depends on whether Plaintiff continues to serve a term of probation or parole. *See, e.g.*, *Jones v. Cunningham*, 371 U.S. 236, 242 (1963) (holding that a prisoner was still "in custody" after being placed on parole because parole involves "significant restraints" on a prisoner's liberty). The Court cannot determine from the record whether Plaintiff remains "in custody" and thus cannot adopt the Magistrate Judge's finding that he must submit his claims through the habeas channels as a prerequisite to suit.

Plaintiff alleges that Defendant Justin Collin, the public defender initially appointed to represent him, failed to investigate, meet with him more than once, or call witnesses on Plaintiff's behalf. (ECF No. 1 at 9, 11.) Plaintiff asserts that the trial court's inquiry during a bond hearing as to whether the defendant and the prosecution had come to an agreement to resolve the matter demonstrates that Collin was part of the conspiracy, as Plaintiff had filed a pending habeas corpus petition in the West Virginia Supreme Court of Appeals concerning Collin's representation. (*Id.* at 10–12.) Plaintiff further asserts that Collin violated the attorney-client privilege. (*Id.* at 12.) Collin was removed from Plaintiff's case after the preliminary hearing. (*Id.* at 9–10.)

Thereafter Defendant Barbara Brown was appointed to represent Plaintiff. (ECF No. 1 at 12.) Plaintiff alleges that Brown participated in the conspiracy by trying to convince Plaintiff to plead guilty to sex offenses of which she knew Plaintiff was innocent and repeatedly calling Plaintiff's brother in an attempt to gain his assistance in urging Plaintiff to accept the plea. (ECF No. 1 at 12.) The fourth defendant, an unknown public defender, assisted Brown in the alleged conspiracy by taking a call from Brown while visiting Plaintiff at South Central Regional Jail "under the guise of trial preparation" and advising Plaintiff of various plea deals offered by the State. (ECF No. 1 at 12.) Plaintiff asserts that he refused the offers. (*Id.*) Yet, in the end, Plaintiff alleges without explanation that he was forced to plead guilty to the battery charge to protect the State from suit under *Heck v. Humphrey*, 512 U.S. 477 (1994). (ECF No. 1 at 12.)

Magistrate Judge Tinsley concluded that the Complaint fails to state a claim upon which relief may be granted, and recommends that that this case be dismissed. Plaintiff objects to this recommendation. He also takes issue with the Magistrate Judge's failure to address his § 1985 claim, and objects to the PF&R on this basis as well.

## II.     STANDARD OF REVIEW

The Court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, this Court need not conduct a de novo review when a plaintiff "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In reviewing those portions of the PF&R to which Plaintiff has objected, this Court will consider the fact that Plaintiff is acting pro se, and his pleadings will be accorded liberal construction. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978).

## III.     DISCUSSION

The Court is required to screen each case in which a plaintiff seeks to proceed *in forma pauperis* and must dismiss the case if the complaint fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B). A complaint should not be dismissed for failure to state a claim unless "after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." *Slade v. Hampton Rds. Reg'l Jail*, 407 F.3d 243, 248 (4th Cir. 2005) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999)) (dismissal under 28 U.S.C. § 1915A). "While a pro

5

se litigant's pleadings are liberally construed, a pro se complaint must still contain sufficient facts 'to raise a right to relief above the speculative level' and 'state a claim to relief that is plausible on its face.'" *Adams v. Sw. Va. Reg'l Jail Auth.*, 524 Fed. App'x. 899, 900 (4th Cir. 2013) (unpublished) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)).

Plaintiff's Complaint alleges a conspiracy between the Kanawha County Prosecuting Attorney's Office and the Kanawha County Public Defender, in violation of 42 U.S.C. §§ 1983 and 1985(3). Section 1983 of Title 42, United States Code, provides in relevant part that:

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights . . . secured by the Constitution and laws, shall be liable to the party injured in an action at law [or] suit in equity . . . .

Section 1983 is not a source of substantive rights; rather, it provides "a method for vindicating federal rights elsewhere conferred." *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979). To bring a civil rights complaint, the prisoner must allege that he was deprived of a federal or constitutional right by a person acting under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980).

While public defenders are not state officials and do not normally act "under color of" State law for purposes of § 1983, Plaintiff brings his claims within the ambit of the statute by alleging that the public defenders conspired with state officials to deprive him of federal rights. *See Tower v. Glover*, 467 U.S. 914, 920 (1984) (holding that state public defenders act under color of state law for § 1983 purposes when it is alleged that they conspired with state officials to deprive a plaintiff of federal rights). The question is whether Plaintiff alleges a plausible claim that Defendants acted in league with the State prosecutor to deprive him of his rights.

As for the federal right at issue, Plaintiff argues that the alleged conspiracy to charge him with dual sex offenses was motivated by discriminatory animus against indigent sex offender

6

defendants as a class.   Thus, he appears to make an equal protection claim.   The Equal Protection Clause of the Fourteenth Amendment provides that no State shall "deny to any person within its jurisdiction the equal protection of the laws."   U.S. Const. amend. XIV, § 1.   In order to establish a denial of equal protection, a plaintiff must generally show that similarly situated persons are subject to disparate treatment, and that this disparate treatment has no rational basis. *See United States v. Roberts*, 915 F.2d 889, 891 (4th Cir. 1990).   "[T]he challenged classification need only be rationally related to a legitimate state interest unless it violates a fundamental right or is drawn upon a suspect classification such as race, religion, or gender."   *Giarratano v. Johnson*, 521 F.3d 298 (4th Cir. 2008).   Indigent sex offenders are not a protected class.   However, this case cannot proceed even under rational basis review because Plaintiff fails to make any factual allegations from which the Court may infer the existence of a classification or animus.   Plaintiff does not allege any disparate treatment of non-indigent sex offenders or defendants accused of crimes not of a sexual nature which are chargeable under more than one statute.   His conclusory assertions simply do not contain factual matter sufficient to support a plausible Equal Protection claim.

     Plaintiff also alleges a conspiracy to coerce his guilty plea.   As proof of the existence of this conspiracy, Plaintiff merely claims that two of his public defenders presented him with the State's plea offers and that Brown advocated that he accept one or more of them despite his assertions of innocence.   He also makes allegations sounding in a claim of ineffective assistance of counsel by his initial public defender.[4]   The only glue which might hold these facts together as

---

[4] It is worth reemphasizing that Plaintiff's ineffective assistance of counsel claim, standing alone, is not cognizable in a § 1983 proceeding because a criminal defense lawyer does not act under color of state law. *Polk Cty. v. Dodson*, 454 U.S. 312, 318 (1981); *see also Miranda v. Clark Cty.*, 319 F.3d 465, 468 (9th Cir. 2003) (finding a public defender performing a "lawyer's traditional functions" is not a state actor and not subject to suit under § 1983 (quoting *Polk*, 454 U.S. at 325)).   Inasmuch as Plaintiff views the perceived deficiencies of Collin's representation as evidence of concerted action between the Public Defender and the

a conspiracy is Plaintiff's bare, unadorned assertion that the defendants were acting in concert with each other and with the State. Similarly, to support the existence of coercion, Plaintiff alleges in a conclusory fashion that he was coerced to plead guilty for the benefit of the State. Even giving the Complaint a liberal construction, these allegations are insufficient as a matter of law to support the existence of a conspiracy. *See Tate v. Bondurant*, 966 F.2d 1444, at *1 (4th Cir. 1992) (citing *Ballinger v. N. C. Agric. Extension Serv.*, 815 F.2d 1001, 1007 (4th Cir. 1987) (conclusory allegations of conspiracy insufficient to state a claim under § 1983).

The Magistrate Judge's PF&R did not address Plaintiff's claim arising under 42 U.S.C. § 1985. Section 1985(3) reaches private conspiracies to deprive others of legal rights. To establish a violation of § 1985(3), a plaintiff must allege and prove the following: (1) a conspiracy; (2) for the purpose of depriving a person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States. *See Griffin v. Breckenridge*, 403 U.S. 88, 102–103 (1971). As with § 1983, the rights vindicated by § 1985(3) must be found elsewhere. *See United Bhd. of Carpenters & Joiners of Am. v. Scott*, 463 U.S. 825, 833 (1983). In order to prove a private conspiracy under this statute, a plaintiff must show, *inter alia*, (1) that "some racial, or perhaps otherwise class-based, invidiously discriminatory animus lay behind the conspirators' action," and (2) that "the conspiracy aimed at interfering with rights that are protected against private, as well as official, encroachment." *Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 267–68 (1993) (internal quotations marks omitted). Because Plaintiff has failed to plead sufficient facts

---

State, the Court finds such an assertion conclusory, speculative, and must fail as a matter of law.

8

to demonstrate the existence of discriminatory animus in Defendants' acts undertaken during the course of legal representation, he has also failed to state a § 1985(3) claim.

Thus, the Court affirms the PF&R to the extent that it recommends a finding that Plaintiff has failed to state a claim upon which relief can be granted.

### IV.    CONCLUSION

For the reasons set forth above, the Court **OVERRULES** Plaintiff's objections [ECF No. 11], **ADOPTS** the PF&R [ECF No. 8] to the extent it is consistent with this Memorandum Opinion and Order, **DENIES** Plaintiff's application to proceed *in forma pauperis* [ECF No. 2], **DISMISSES WITHOUT PREJUDICE** Plaintiff's Complaint [ECF No. 1], and **DIRECTS** the Clerk to remove this case from the Docket.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:    May 27, 2016

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE